UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DAVID CABELLO, :
:
        Petitioner :
   vs. : CIVIL NO. 1:CV-09-0497
:
PA BOARD OF PROBATION AND : (Judge Caldwell)
PAROLE, *et al.*, :
:
        Respondents. :
:


*M E M O R A N D U M*

I. *Introduction*

      David Cabello has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He pled guilty in the Court of Common Pleas of Bucks County, Pennsylvania, to charges of escape and burglary and is serving a total sentence of two and one-half to six years on the convictions. His petition challenges the convictions and a decision by the Pennsylvania Board of Probation and Parole to deny him parole.

      The respondent warden argues in part that the statute of limitation bars the petition's challenges to the underlying convictions. The Board argues in part that the petition's challenge to its decision should be denied because the decision was constitutionally proper for several reasons.

      After review of the parties' arguments, we agree with the warden that the petition is untimely as a challenge to Cabello's conviction and sentence. We also agree

with the Board that there is no valid reason for disturbing its decision. We will therefore deny the petition.

II.  *Background*

The parties' submissions reveal the following. Petitioner was serving a sentence for burglary and theft in the Bucks County Correctional Facility when he was transferred on March 5, 2004, to a halfway house in Philadelphia to serve the remainder of the sentence. On March 12, 2004, he left the facility. On March 18, 2004, Petitioner broke into a private home and stole money and a ring.

On June 15, 2004, Petitioner pled guilty to: escape from the facility; burglary and related charges; and possession of drug paraphernalia. On the same day, he was sentenced to two to four years for the burglary, and a consecutive term of one to two years for escape.[1] The escape sentence was later reduced to six to twenty-four months, so that the resulting term was two and one-half to six years' imprisonment.

Petitioner took a direct appeal challenging the propriety of the sentence. On April 25, 2005, the Pennsylvania Superior Court affirmed, and on November 10, 2005, the Pennsylvania Supreme Court denied Cabello's petition for review. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

On May 11, 2007, petitioner filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA). *See* 42 Pa. Con. Stat. §§ 9541-9546. The trial court denied

---

[1] Petitioner was placed on one year's probation for the drug paraphernalia charge.

the petition as untimely. On Petitioner's appeal, the Superior Court remanded so that the trial court could determine whether petitioner was voluntarily waiving appellate counsel, or, in the alternative, for the trial court to appoint appellate counsel. Appellate counsel was appointed, and the Superior Court remanded the case for the appointment of counsel to represent Petitioner at the trial-court level.

On August 26, 2009, the trial court denied the PCRA petition as untimely.[2] Petitioner did not appeal this decision to the Superior Court, but rather filed a "Petition for Writ of Mandamus and/or Extraordinary Relief" and an "Application for Leave to File Original Process" with the Pennsylvania Supreme Court. The Pennsylvania Supreme Court returned the petitions for defective filing.

The instant 2254 petition was docketed on March 19, 2009,[3] and Petitioner asserts he placed it in the prison mailbox on March 5, 2009, for mailing to the Clerk of Court. It raises four grounds for relief. Ground one is that the trial court "failed to consider mitigating factors in regard to character and background." Petitioner alleged the following factual support: "No presentence investigation. No findings that psychotropic drugs during the course of trial were medically appropriate. Involuntary guilty pleas. Ineffective assistance of counsel. Defective colloquy." (Doc. 1, CM/ECF p. 5). Ground Two is that

---

[2] State law allows a defendant one year to file a PCRA petition from the date the judgment becomes final, generally defined as the conclusion of direct review, including discretionary review in the appellate courts, or the expiration of the time for seeking such review. *See* 42 Pa. C.S. § 9545(b)(1) and (3).

[3] A copy of the petition was docketed on April 7, 2009, as an amended petition. The petitions are identical.

-3-

the involuntary guilty pleas coerced Petitioner into giving statements to the Board. The alleged factual support for this claim is that the preliminary hearing transcript reveals that Petitioner did not unlawfully remove himself from the halfway house, thereby rendering the Board's denial of parole arbitrary and based on impermissible factors. (*Id.*, p. 6). Ground Three is that there was no presentence investigation, meaning that there is no evidence supporting the Board's statement of reasons denying parole. (*Id.*, p. 8). Ground Four is that Petitioner was denied parole in retaliation for attempting to defend his constitutional rights in court. The alleged factual support for this claim is that his own and others' statements are not contrary to his innocence of the escape charge. (*Id.*, p. 9).

III. *Discussion*

    A. *Petitioner's Claims Seeking Review of his Conviction and Sentence Are Time-Barred*

The respondent warden argues that Petitioner's claims challenging his conviction and sentence are time-barred. We agree.

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment. 28 U.S.C. § 2244(d)(1). In part, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). A state-court criminal judgment becomes final, and the statute of limitations begins to run, "'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999)(quoting

*Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). *See also Long v. Wilson*, 393 F.3d 390, 394 (3d Cir. 2004).

When relevant, we must also take into account statutory tolling. Section 2244(d)(2) tolls the limitations period for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, a state post-conviction petition untimely under state law is not "properly filed" and does not toll the section 2254 limitations period under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 678-79 (2005).

Applying these principles here indicates the 2254 petition is time-barred. The Pennsylvania Supreme Court denied Petitioner's direct appeal on November 10, 2005. Under section 2244(d)(1)(A), petitioner's conviction thus became final on February 8, 2006, the expiration of the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court. This gave Petitioner until February 8, 2007, one year later, to file his 2254 petition. Even if we accept Petitioner's assertion that he placed the petition in the prison mailbox on March 5, 2009, (as opposed to the filing date of March 19, 2009), this was more than two years after the limitations period expired.

Statutory tolling does not assist Petitioner. His PCRA petition was filed on May 11, 2007, and the PCRA court denied it as untimely under the one-year period for filing

such petitions. Since the petition was untimely under state law, it was not "properly filed" for the purpose of tolling the limitations period.[4]

Equitable tolling may also extend the filing deadline. *See LaCava v. Kyler*, 398 F.3d 271, 275-276 (3d Cir. 2005). Petitioner asserts that he is actually innocent of the crime of escape and hence his petition should be considered timely. The Third Circuit has not yet decided if a claim of actual innocence is enough to equitably toll the statute. *See Teagle v. DiGuglielmo*, 336 F. App'x 209, 212 (3d Cir. 2009) (nonprecedential), *cert. denied*, 130 S.Ct. 1072, 78 U.S.L.W. 3392 (U.S. Jan. 11, 2010). We need not decide that issue because Petitioner has not shown he is actually innocent of the escape charge.[5]

To show that he is "actually innocent" of the escape charge, Petitioner has to offer "'new reliable evidence'" establishing that "'it is more likely than not that no reasonable juror would'" find him "'guilty beyond a reasonable doubt.'" *Id.* at 213 (quoting *Schlup v. Delo,* 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). "[T]his standard 'is demanding and permits review only in the extraordinary case.'" *Id.* (quoted case omitted). Petitioner argues that his actual innocence is established by testimony at the preliminary hearing, (doc. 29-9, CM/ECF pp. 19, 26-30); his appeal of his prison misconduct charging him with escape, (doc. 3, CM/ECF pp. 13-15); and his inmate version of the offense, (doc. 3, CM/ECF pp. 16-17). We disagree.

---

[4] Even if the PCRA petition had been timely under state law, it still could not have tolled the federal limitations period since it was filed after that limitations period had expired. *See Long, supra*, 393 F.3d at 394-95.

[5] Petitioner does not claim to be actually innocent of the burglary charge.

-6-

As the description of the latter two pieces of evidence indicates, they are simply Petitioner's version of his offenses. Additionally, the testimony from the preliminary hearing, from an agent at the halfway house, would tend to indicate he was guilty of escape.

We will therefore deny the petition as time-barred as it challenges Cabello's conviction and sentence. We turn now to the petition's challenge to the Board's decision denying parole.[6]

    B.    *Challenge to the Board's Decision Denying Parole*

The difficulty for Petitioner is that most of his challenges to the Board's decision are based on the claims he has made against his conviction and sentence, and those claims are time-barred. The only challenge to the Board's decision independent of those claims is that the Board denied him parole to retaliate against him for attempting to defend his constitutional rights in court, presumably his pursuit of his direct-appeal rights and his PCRA petition.[7]

---

    [6]    The challenge is to a decision made on March 21, 2008. The Board notes that it made a subsequent decision to deny parole again on March 6, 2009, and that the challenge to the March 2008 decision is thus moot. That may be so, but we will dispose of the petition on other grounds.

    [7] The Board's notice of action advised Petitioner it was denying parole on March 21, 2008, for the following reasons:

> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments concerning your mental and behavior condition and history that reflects ongoing risk to the

(continued...)

Under section 2254(b)(1)(A), a petitioner has to first exhaust "available" state-court remedies. Petitioner's retaliation claim is a constitutional challenge to the Board's decision. *See Burkett v. Love*, 89 F.3d 135, 140 (3d Cir. 1996). There are no available state-court remedies for constitutional challenges to a Board decision except for one based on the ex post facto clause. *See DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005). Petitioner was thus under no obligation to exhaust state-court remedies on this claim.

However, the claim fails on the merits. In his petition, Cabello argues he was retaliated against because his own and others' statements are not contrary to his innocence on the escape charge. (Doc. 1, CM/ECF p. 9). Even if true, this assertion does not establish that the Board was being retaliatory. In his reply to the Board's answer to his petition, he asserts that a few of the reasons given to deny parole establish the Board's retaliatory motive: his significant lack of insight regarding his prior criminal history and his continued inappropriate rationalization of his problematic behavior both in and out of incarceration. (Doc. 17, CM/ECF p. 4 ¶ 10). We disagree.

---

[7](...continued)
    community.

    Your unacceptable compliance with prescribed institutional programs.

    Your interview with the hearing examiner and/or board member.

    Other factors deemed pertinent in determining that you should not be paroled: you continue to exhibit a significant lack of insight regarding your prior criminal history. You continue to inappropriately rationalize your problematic behavior both in and out of incarceration.

(Doc. 3, CM/ECF p. 18).

IV.     *Conclusion*

For the foregoing reasons, we will issue an order denying the petition. The order will deny a certificate of appealability, based on the analysis of this memorandum. However, petitioner is advised that he has the right to appeal our order denying the § 2254 petition for thirty (30) days, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent petitioner from doing so, so long as he seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 19, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO, :
:
    Petitioner :
: CIVIL NO. 1:CV-09-0497
vs. :
: (Judge Caldwell)
PA BOARD OF PROBATION AND :
PAROLE, *et al.*, :
:
    Respondents. :

*O R D E R*

AND NOW, this 19th day of May, 2010, it is ordered that:

    1. The original and amended petitions (doc. 1 and 4) for a writ of habeas corpus under 28 U.S.C. § 2254 are denied.

    2. Petitioner's motion (doc. 8) for postconviction collateral relief and his motion for extension of time to file a reply brief (doc. 34) are dismissed as moot.

    3. A certificate of appealability is denied.

    4. The Clerk of Court shall close this file.

                                    /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge